UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DANIEL CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, Acting Warden,<br><br>    Defendant. | Case No. 14-cv-02637-YGR (PR)<br><br>**ORDER OF SERVICE; GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO SUBSTITUTE CURRENT SQSP ACTING WARDEN RON DAVIS AS NAMED DEFENDANT; AND DENYING PLAINTIFF'S REQUEST FOR CONSOLIDATION** |

## INTRODUCTION

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he is being denied access to clergy. Plaintiff seeks declaratory and monetary damages. Specifically, Plaintiff alleges that he identifies himself as a Messianic Jew. Dkt. 1 at 11.[1] He challenges a prison policy limiting his access to clergy as set forth in SQSP's "[Operational Procedure or "OP"] 608, section 650(a)."[2] *Id.* at 3. He initially claimed that former warden Defendant Kevin Chappell "writes OP 608, section 650(a)," which "voids the 'privileged communications with clergy.'" *Id.* However, in the caption of his complaint, Plaintiff indicates that he is suing "Kevin Chappell (or any warden)." *Id.* at 1. Plaintiff has also informed the Court that he is aware Defendant Chappell has since retired, and has been replaced by current SQSP Acting Warden Ron Davis. Dkt. 5 at 2. Therefore, the Court construes this to be a motion to amend his complaint to substitute Defendant Chappell for Defendant Davis. The Court GRANTS Plaintiff's request.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.
[2] OP 608 is a local policy drafted by the warden that governs the day-to-day programming of condemned inmates at SQSP.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.    LEGAL CLAIMS**

Plaintiff alleges that Defendant Davis, as the current acting warden of SQSP and implementer of OP 608, is denying him the right to practice his religion as a Messianic Jew by denying him access to clergy. Plaintiff claims the violation of his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff's allegations, when liberally construed, state cognizable claims for relief under the First Amendment and RLUIPA. *See O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987) (holding prison regulation impinging on inmate's First Amendment right to free exercise of religion must be reasonably related to legitimate penological interests); 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."). As mentioned above, Plaintiff's request to amend the complaint to substitute in the current acting warden, Defendant Davis, has

been granted. Therefore, the Court will order service of Defendant Davis below.

**III.    REQUEST FOR CONSOLIDATION**

Plaintiff requests that this case be consolidated with his more recently-filed civil rights action, Case No. 14-4649 YGR (PR), which involves a denial of a kosher diet. Dkt. 5.

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions "[w]hen actions involving a common question of law or fact are pending before the same court." Fed. R. Civ. P. 42(a). The court has broad discretion to determine whether to consolidate the proceedings in whole or in part.

Here, the Court finds that consolidation of Plaintiff's two actions is unwarranted as the instant action challenges a prison policy limiting his access to clergy and his more recently-filed action involves a separate claim against the Jewish Chaplain who had denied Plaintiff a kosher diet. Accordingly, consolidation of Plaintiff's two aforementioned cases is DENIED. Dkt. 5.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's allegations state cognizable claims for relief under the First Amendment and RLUIPA.

2.    Plaintiff's request to amend the complaint to substitute the former warden, Defendant Chappell, to the current acting warden, Defendant Davis, is GRANTED. The Clerk of the Court is directed to substitute Defendant Davis as the named Defendant in place of Defendant Chappell.

3.    Consolidation of Plaintiff's two aforementioned cases is DENIED. Dkt. 5.

4.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to **Defendant SQSP Acting Warden Ron Davis.** The Clerk shall also mail a copy of the complaint and a copy of this Order to State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

3

1  Defendant to cooperate in saving unnecessary costs of service of the summons and complaint.
2  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on
3  behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to
4  bear the cost of such service unless good cause be shown for the failure to sign and return the
5  waiver form.  If service is waived, this action will proceed as if Defendant had been served on the
6  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be
7  required to serve and file an answer before **sixty (60) days** from the date on which the request for
8  waiver was sent. (This allows a longer time to respond than would be required if formal service of
9  summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver
10 form that more completely describes the duties of the parties with regard to waiver of service of
11 the summons.  If service is waived after the date provided in the Notice but before Defendant has
12 been personally served, the Answer shall be due **sixty (60) days** from the date on which the
13 request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever
14 is later.

15     6.     Defendant shall answer the complaint in accordance with the Federal Rules of Civil
16 Procedure.  The following briefing schedule shall govern dispositive motions in this action:

17         a.     No later than **sixty (60) days** from the date the answer is due, Defendant
18 shall file a motion for summary judgment or other dispositive motion.  The motion must be
19 supported by adequate factual documentation, must conform in all respects to Federal Rule of
20 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
21 the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice
22 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
23 oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
24 in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss
25 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
26 However, the Court notes that under the new law of the circuit, in the rare event that a failure to

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1  exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule
2  12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
3  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,
4  1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under
5  the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
6  unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the
7  complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary
8  judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to
9  Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56.  *Id.*
10  But if material facts are disputed, summary judgment should be denied and the district judge
11  rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

12  If Defendant is of the opinion that this case cannot be resolved by summary judgment,
13  Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All
14  papers filed with the Court shall be promptly served on Plaintiff.

15  b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
16  and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's
17  motion is filed.

18  c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of
19  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
20  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
21  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
22  any fact that would affect the result of your case, the party who asked for summary judgment is
23  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
24  makes a motion for summary judgment that is properly supported by declarations (or other sworn
25  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
26  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
27  as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and
28  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d.   Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8.   All communications by Plaintiff with the Court must be served on Defendant or

1   Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to
2   them.
3       9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
4   informed of any change of address and must comply with the Court's orders in a timely fashion.
5   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
6   while an action is pending must promptly file a notice of change of address specifying the new
7   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
8   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
9   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
10  *se* party indicating a current address. *See* L.R. 3-11(b).
11      10. Extensions of time are not favored, though reasonable extensions will be granted.
12  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the
13  deadline sought to be extended.
14      IT IS SO ORDERED.
15  Dated: April 15, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge