UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

RON DAVIS, Warden,

    Defendant.

Case No. 14-cv-02637-YGR (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff, an inmate on death row at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging a denial of access to clergy. Specifically, Plaintiff alleges that he identifies himself as a Messianic Jew. Dkt. 1 at 11.[1] He challenges a prison policy limiting his access to clergy as set forth in SQSP's "[Operational Procedure or "OP"] 608, section 650(a)."[2] *Id.* at 3. Plaintiff alleges that Defendant Ron Davis[3] ("Defendant"), as the current warden of SQSP and implementer of OP 608, denied Plaintiff the right to practice his religion as a Messianic Jew by denying him access to clergy. *Id.*; Dkt. 5 at 2. Plaintiff seeks injunctive relief as well as declaratory and monetary damages.

On April 15, 2015, the Court found that Plaintiff's aforementioned allegations amounted to cognizable claims of relief based on a violation of his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Dkt. 7 at 2.

Before the Court is Defendant's motion to dismiss on the ground that Plaintiff's claims for

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] OP 608 is a local policy drafted by the warden that governs the day-to-day programming of condemned inmates at SQSP.

[3] In his complaint, Plaintiff initially named as Defendant "Kevin Chappell (or any warden)." Dkt. 1 at 1. In its Order of Service, the Court treated this designation as a motion to amend the complaint and substitute the current warden, Defendant Davis, as Defendant in place of Defendant Chappell. Dkt. 7.

injunctive and declaratory relief are moot because the complained-of provisions of OP 608 have been amended and no longer contain the language which formed the basis for the complaint. Dkt. 13 at 3-4. Further, Defendant argues the complaint further fails to state a claim under RLUIPA because RLUIPA does not authorize a damages claim against Defendant, and any claim against Defendant in his official capacity is barred under the Eleventh Amendment. *Id.* at 4-5. Finally, Defendant argues that Plaintiff has failed to state a claim for a First Amendment violation against Defendant in his individual capacity. *Id.* at 4. In support of the motion to dismiss, Defendant has filed an unopposed request for judicial notice ("RJN") as well an unopposed supplemental RJN. Dkts. 14, 23.

For the reasons set forth below, the Court GRANTS Defendant's RJN and supplemental RJN, and GRANTS his motion to dismiss.

## II.   DISCUSSION

### A.   Request Judicial Notice

On a motion to dismiss, a court may properly look beyond the complaint to matters of public record, and doing so does not convert a Federal Rule of Civil Procedure 12(b)(6) motion to one for summary judgment. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *see also MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Here, Plaintiff has not objected to Defendant's RJN and supplemental RJN, and the Court finds the documents to be matters of public record properly subject to judicial notice.

The Court takes judicial notice of: (1) section 650(a) of OP 608 (dealing with "Staff Ministers") referenced in the complaint that existed at the time the complaint was filed (attached as Exhibit A to the RJN, Dkt. 14-1 at 2) and that has since been amended (attached as Exhibit B to the RJN, Dkt. 14-1 at 4-5); and (2) section 640 of OP 608 (dealing with "Privileged Information") because a court may take judicial notice of the official acts and public records of state agencies not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 959 n.10 (9th Cir. 2013). Accordingly, Defendant's unopposed

RJN and supplemental RJN are GRANTED.  Dkts. 14, 23.

### B. Section 650(a) of OP 608

At the time Plaintiff's complaint was filed, the portion of OP 608 at issue read as follows:

> Sec. 650     <u>Staff Ministers</u>
>
> a. Staff relationships - Chaplains are encouraged to report to condemned section staff regarding attitudes, needs and potentialities of inmates.  They may not sit as classification committee members in a voting capacity, but they may attend as observers and commentators unless a religious review committee is being conducted.

Dkt. 14-1 at 2.

Section 650(a) of OP 608 was subsequently amended on May 7, 2015 to read as follows:

> Sec. 650     <u>Staff Ministers</u>
>
> a. Information received by chaplains when performing their duties with condemned inmates shall be privileged, except when the nondisclosure of such information to facility staff would jeopardize the safety of any person or the security of the facility.

*Id.* at 4-5.

Section 640 of OP 608, which is entitled "Privileged Information," states the same language as amended section 650(a) above:

> Information received by chaplains when performing their duties with condemned inmates shall be privileged except when the nondisclosure of such information to facility staff would jeopardize the safety of any person or the security of the facility.

Dkt. 23-1 at 2.

### C. Defendant's Motion to Dismiss

#### 1. Claims for Injunctive and Declaratory Relief

First, Defendant argues that because the complained-of provision, section 650(a) of OP 608, has since been amended, Plaintiff's claims for injunctive and declaratory relief (through a repeal of section 650(a) of OP 608) must be dismissed as moot.  Dkt. 13 at 3-4.  This Court agrees.  A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.  *See*

*Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

Defendant adds that "[a]lthough Plaintiff attempts to salvage his action by claiming that he seeks declaratory relief, that claim is no more justiciable than the injunctive relief sought by the complaint." Dkt. 22 at 3. "For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite. This is as true of declaratory judgments as any other field." *Id.* (quoting *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) (internal quotation marks and citations omitted)). Again, this Court agrees with Defendant.

Here, the complained-of provision—former section 650(a) of OP 608—no longer exists because it has been amended. *See* Dkt. 14-1 at 2, 4-5. In the absence of former section 650(a), there is no longer a provision which could impact Plaintiff's free practice of his chosen religion under the First Amendment, and thus such a claim is moot. Plaintiff's claim under RLUIPA is also moot as a result of the fact that section 650(a) of OP 608 was amended, leading to in a change in policy. *See Boles v. Neet*, 402 F. Supp. 2d 1237, 1240 (D. Colo. 2005) (prison's change in policy to allow the inmate to wear religious garments rendered his RLUIPA claim moot), *Forter v. Geer*, 868 F. Supp. 2d 1091, 1098 (D. Or. 2012) (prison's return of the inmate's religious property rendered his RLUIPA claim moot.)

There is no need for injunctive or declaratory relief, and Plaintiff's claims for such relief are DISMISSED as moot under both the First Amendment and RLUIPA.

Plaintiff may proceed with his claim for monetary damages, and the Court will now resolve the pending motion to dismiss as to the remaining claim for such damages, as discussed below.

### 2. Claims for Monetary Damages

#### a. Legal Standard For Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to

4

dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*abrogating Conley v. Gibson*, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001). As mentioned above, in considering a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *See Mack*, 798 F.2d at 1282; *MGIC Indemn. Corp.*, 803 F.2d at 504.

### b. Damages Claim Barred by Sovereign Immunity under the Eleventh Amendment

As mentioned above, Plaintiff alleges that Defendant's actions—implementing a prison policy limiting his access to clergy as set forth in OP 608—violated the First Amendment and RLUIPA, and the remaining claim is for monetary damages. In his complaint, Plaintiff initially named as Defendant "Kevin Chappell (or any warden)." Dkt. 1 at 1. In its Order of Service, the Court granted Plaintiff's implied motion to amend his complaint to substitute Defendant Chappell for Defendant Davis, the current warden. Dkt. 7. This is appropriate because the complaint is not personally directed at any individual warden, but at the person who holds the Warden's position at SQSP. Therefore, the complaint is directed at Defendant, the Warden of SQSP, in his official capacity.

However, any action for damages brought against a state officer in his official capacity is barred by sovereign immunity under the Eleventh Amendment. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). The United States Supreme Court has held that state officials acting in their official capacity are immune from damages in action based on RLUIPA. *Sossaman v. Texas*, 563 U.S. 277, 284-86 (2001). This is equally true for a claim arising under the First Amendment. *Holley v. Cal. Dep't. Corr.*, 599 F.3d 1108, 1111-14 (9th Cir. 2010). The Ninth Circuit has also held that RLUIPA does not allow for

damages claims against government employees in their individual capacities. *Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014).

Based on the above, Plaintiff cannot recover monetary damages in this action because Defendant has been sued in his official, rather than individual, capacity.[4]

### D. Summary

As explained above, section 650(a) of OP 608 has been amended. It no longer contains the language which is the basis for this lawsuit. This action for injunctive relief is therefore now moot, under both the First Amendment and RLUIPA. Although Plaintiff claims entitlement to monetary damages, he has sued Defendant Davis in his official capacity as Warden of SQSP, and not in his individual capacity. Monetary damages are not available in an official capacity suit under the First Amendment, as such claims are barred by the Eleventh Amendment. *See Holley*, 599 F.3d at 1111-14. Furthermore, damages are not available in any case under RLUIPA, whether the suit is based upon the defendant's individual or official capacity. *Sossaman*, 563 U.S. at 284-86. Accordingly, Defendant's motion to dismiss is GRANTED.

## III. CONCLUSION

For the reasons outline above, the Court orders as follows:

1. Defendants' unopposed requests for judicial notice are GRANTED. Dkts. 14, 23.
2. Plaintiff's claims for injunctive and declaratory relief are DISMISSED as moot.
3. Defendants' motion to dismiss is GRANTED. Dkt. 13.
4. The Clerk of the Court shall enter judgment and close the file. Each party shall bear his or her own costs.
5. This Order terminates Docket No. 13.

IT IS SO ORDERED.

Dated: February 17, 2016

YVONNE GONZALEZ ROGERS
United States District Judge

---

[4] Even if Plaintiff's First Amendment claim against "any warden" is somehow interpreted to state a claim against Defendant in an individual capacity, the complaint does not contain any specific allegations regarding conduct by Defendant, and is therefore DISMISSED for failure to state a claim.