UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

RON DAVIS, Warden,

    Defendant.

Case No. 14-cv-02637-YGR (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff Douglas Daniel Clark, an inmate on death row at San Quentin State Prison ("SQSP"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging a denial of access to clergy. The following background is taken from the Court's February 17, 2016 Order:

> . . . Plaintiff alleges that he identifies himself as a Messianic Jew. Dkt. 1 at 11. He challenges a prison policy limiting his access to clergy as set forth in SQSP's "[Operational Procedure or "OP"] 608, section 650(a)." *Id.* at 3. Plaintiff alleges that Defendant Ron Davis ("Defendant"), as the current warden of SQSP and implementer of OP 608, denied Plaintiff the right to practice his religion as a Messianic Jew by denying him access to clergy. *Id.*; Dkt. 5 at 2. Plaintiff seeks injunctive relief as well as declaratory and monetary damages.
>
> On April 15, 2015, the Court found that Plaintiff's aforementioned allegations amounted to cognizable claims of relief based on a violation of his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Dkt. 7 at 2.

Dkt. 25 at 1 (footnotes omitted). Defendant filed a motion to dismiss on the following grounds: (1) injunctive and declaratory relief were moot because the complained-of provisions of OP 608 had been amended and no longer contained the language which formed the basis for the complaint; (2) the complaint failed to state a claim under RLUIPA because RLUIPA did not authorize a damages claim against Defendant, and any claim against Defendant in his official capacity was barred under the Eleventh Amendment; and (3) failure to state a claim for a First Amendment violation against Defendant in his individual capacity. Dkt. 13 at 3-5.

1    On February 17, 2016, the Court granted Defendant's motion and entered judgment in
2 favor of Defendant. Dkts. 25, 26. The Court agreed with Defendant and found that section 650(a)
3 of OP 608 had been amended, i.e., it "no longer contain[ed] the language which [was] the basis for
4 this lawsuit." Dkt. 25 at 6. The Court concluded that "[t]his action for injunctive relief [was]
5 therefore now moot, under both the First Amendment and RLUIPA." *Id.* The Court further found
6 that, although Plaintiff claimed an entitlement to monetary damages, he sued Defendant Davis in
7 his official capacity as Warden of SQSP (not in his individual capacity) and that "[m]onetary
8 damages [were] not available in an official capacity suit under the First Amendment, as such
9 [Plaintiff's] claims [were] barred by the Eleventh Amendment." *Id.* (citing *Holley v. Cal. Dep't.*
10 *Corr.*, 599 F.3d 1108, 1111-14 (9th Cir. 2010). Furthermore, the Court added that "damages
11 [were] not available in any case under RLUIPA, whether the suit [was] based upon the defendant's
12 individual or official capacity." *Id.* (citing *Sossaman v. Texas*, 563 U.S. 277, 284-86 (2001).

13    Before the Court is Plaintiff's motion for an extension of time to file a motion for
14 reconsideration. Dkt. 27. Plaintiff's motion for an extension of time is GRANTED *nunc pro tunc*
15 to March 31, 2016, the date Plaintiff filed his motion for reconsideration, which is also before the
16 Court. Dkt. 29.

17    For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

**II.   DISCUSSION**

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

2

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Plaintiff's request contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Nor does he set forth any other reason justifying relief. Rather, Plaintiff's arguments appear to be nothing more than a request for the Court to reconsider the papers he submitted in opposition to the motion to dismiss (which the Court considered prior to granting the motion to dismiss), and thus he seems to be arguing that the decision of the Court was wrong. *See* Dkt. 29. While such arguments may be properly advanced on appeal, they are not a basis for reconsideration. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Furthermore, Plaintiff has attached a copy of opposition to Defendant's motion to dismiss as an exhibit to his motion for reconsideration. *Id.* at 16-26. Thus, Plaintiff simply repeats his claims and allegations from his opposition to the motion to dismiss. This is insufficient to warrant reconsideration. *Cf. Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to

present "contentions which might have been raised prior to the challenged judgment."). Accordingly, Petitioner's motion for reconsideration is DENIED.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file a motion for reconsideration is GRANTED *nunc pro tunc* to March 31, 2016, the date Plaintiff filed his motion for reconsideration. Dkt. 27.

2. Plaintiff's motion for reconsideration is DENIED. Dkt. 29.

3. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of Appeal now that the Court has denied Plaintiff's motion for reconsideration. *See* Dkt. 36 at 1.

4. This Order terminates Docket Nos. 27 and 29.

IT IS SO ORDERED.

Dated: December 12, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge